**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

**FILED**
2008 Aug 19 PM 02:04
CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 07-32411 |
| | ) | |
| Memory M. McMinis, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 07-3225 |
| | ) | |
| James T. McMinis, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Memory M. McMinis, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER
DENYING MOTION FOR RELIEF FROM JUDGMENT**

This adversary proceeding is before the court on Defendant's Motion for Relief from Judgment [Doc. # 25] and Plaintiff's response [Doc. # 26]. In her motion, brought under Federal Rule of Civil Procedure 60(b), applicable to this proceeding under Federal Rule of Bankruptcy Procedure 9024, Defendant seeks relief from the default judgment entered in this case on November 21, 2007. The court held a hearing at which counsel for both parties appeared in person. Having considered the motion and the

arguments of counsel, the court will deny Defendant's motion.

## BACKGROUND

On June 6, 2007, Defendant filed in this court a petition for relief under Chapter 7 of the United States Bankruptcy Code, Title 11 U.S.C. Prior to commencing her bankruptcy case in this court, on July 27, 2006, Defendant had caused a Complaint for Divorce to be filed against Plaintiff in the Court of Common Pleas of Defiance County, Ohio, which action is still pending in that court. The divorce proceeding was not disclosed in Defendant's bankruptcy case. On September 4, 2007, Plaintiff timely filed in this court an adversary complaint against Defendant, alleging that Defendant (1) incurred debt on credit cards in her name and then transferred the indebtedness to credit card accounts in Plaintiff's name without his knowledge or consent, in the amount of $28,627.20, and (2) transferred funds from Plaintiff's savings account, including his 2006 income tax refund, as payment on the parties' home equity loan and then transferred that amount from the home equity account to Defendant's savings account, in the total amount of $22,692.00. He further alleged that the debt owed him by Defendant as a result of these transactions is a debt for money obtained by false pretenses, false representation or actual fraud and/or a debt due to larceny within the exceptions to discharge under 11 U.S.C. § 523(a)(2)(A) and (a)(4). [Doc. # 1, Complaint ¶¶ 5-9]. Plaintiff's complaint demanded "that the court determine that the debt owed by the Defendant to the Plaintiff be rendered non-dischargeable; that the Court enter judgment declaring the debt to be non-dischargeable, that Plaintiff be awarded reasonable attorney fees and costs herein, and that Plaintiff have such other and further relief as is just."[Doc. # 1].

On October 2, 2007, Attorney for Defendant entered an appearance by filing a motion to extend time to file an answer. Although that motion was granted, Defendant did not answer or otherwise respond to the adversary complaint and did not appear at a pretrial scheduling conference. Thereafter, the Clerk entered an Entry of Default, and Plaintiff filed and duly served a Motion and Amended Motion for Default Judgment. The Amended Motion for Default Judgment, which was served on Attorney for Defendant, demanded that "the court enter a judgment by default against the Defendant declaring that the debt owed by the Defendant to the Plaintiff in the amount of $51,319.20 is non-dischargeable; that Plaintiff further prays that he be awarded reasonable attorney fees and costs herein, and that Plaintiff have such other and further relief as is just." [Doc. #12]. The court held a hearing on that motion, notice of which was served on Attorney for Defendant but at which there was no appearance by or on behalf of Defendant. After considering the well-pleaded factual allegations of the complaint, as well as a detailed affidavit and exhibits

presented by Plaintiff in support of his claims and substantiating the amount of the debt in issue, the court granted Plaintiff's Amended Motion for Default Judgment, finding that Defendant owed Plaintiff a debt in the amount of $51,076.20 that is non-dischargeable under 11 U.S.C. § 523(a)(2) and (4). [*See* Doc. # 21]. A separate judgment to that effect was entered on November 21, 2007. [Doc. # 22].

The instant Motion for Relief from Judgment was filed on June 20, 2008. Plaintiff's counsel represented to the court that a final hearing in the divorce proceeding in state court is scheduled on September 5, 2008, and that Plaintiff is currently working in construction overseas in Pakistan and has a two-week window that he will be home for the divorce proceeding. He further represented that Defendant has requested a continuance of the final hearing in the divorce proceeding until after this court decides the Rule 60(b) motion but that the request has been denied.

## DISCUSSION

Although the subsection of Rule 60(b) under which Defendant is proceeding is not specified in her motion, at the hearing on the motion, her attorney stated that she is proceeding only under Rule 60(b)(4) and her arguments implicate only that subsection. Under Rule 60(b)(4), a court may relieve a party from a final judgment, order, or proceeding if the judgment is void. Fed. R. Civ. P. 60(b)(4). A judgment is void if the court that rendered it lacked jurisdiction of the subject matter or of the parties and is voidable if it resulted in a non-jurisdictional due process violation. *See Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 903, 907 (6th Cir. 2006).

In her motion, Defendant argues that the judgment is void because the court exceeded its jurisdiction in ruling on issues that are committed to the exclusive jurisdiction of the state court in the parties' pending divorce action. At the hearing on the motion, she alternatively argued that even if the court had jurisdiction to determine the dischargeability of any debt owed to Plaintiff by Defendant, it exceeded its jurisdiction by also entering a monetary judgment where Plaintiff's complaint did not demand such relief. This argument, although couched in jurisdictional terms, also raises a non-jurisdictional due process argument. *See L.J. Stafford v. Jankowski*, 338 F. Supp. 2d 1225, 1228 (D. Kan. 2004). The court will separately address the jurisdictional and due process arguments.

### I. Jurisdiction

Defendant argues that Plaintiff's complaint deals with marital property that is at issue in the divorce proceeding in state court and cites *In re Washington (Wasserman v. Washington)*, 623 F.2d 1169 (6th Cir.

3

1980), for the proposition that the state court has exclusive jurisdiction over the property because it was the first court to exercise control over the property. Defendant further argues that this court lacked jurisdiction to declare the debt at issue non-dischargeable because the debt has not yet been determined by the state court and, therefore, is only a prospective debt. Finally, Defendant argues that even if this court had jurisdiction to declare the debt non-dischargeable, it did not have jurisdiction to determine the amount of the debt owed. The court finds Defendant's arguments are without merit.

In *White v. White (In re White)*, 851 F.2d 170 (6th Cir. 1988), the Sixth Circuit abrogated its earlier rule announced in *Washington*, agreeing that "the 1978 and 1984 changes to the Bankruptcy Code were primarily aimed at getting away from the kind of *in rem* jurisdiction set out in . . . *In re Washington*." *White*, 851 F.2d at 172. The court concluded that "[t]he rule in *In re Washington* should therefore no longer apply to give the state court jurisdiction over property simply because it may have been the first court to exercise control over the property." *Id.* at 173; *cf. Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992) (concluding that the domestic relations exception to federal court jurisdiction "encompasses only cases involving the issuance of a divorce, alimony, or child custody decree").[1]

Nor is Defendant's Rule 60(b)(4) argument supported by the terms of the federal statutes governing bankruptcy jurisdiction. Congress granted exclusive federal district court jurisdiction over "all cases under title 11," and concurrent jurisdiction over "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a) and (b). As an action to determine the dischargeability of a debt brought under 11 U.S.C. § 523(a)(2) and (a)(4), this adversary proceeding is a "civil proceeding arising under Title 11." In turn, 28 U.S.C. § 157(a) permits district courts to refer bankruptcy matters brought under their original jurisdiction to bankruptcy courts. Section 157(b) provides that "[b]ankruptcy judges may hear and determine . . . all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments. . . ." 28 U.S.C. § 157(b)(1). Pursuant to its General Order 84-1, entered on July 16, 1984, the

---

[1] Defendant does not directly argue, but seems to infer, that the court's judgment against her might fall within a "domestic relations exception" to federal court jurisdiction. To the extent her argument rests upon that theory, and to the extent such a judicially created exception still exists outside the text of the statutes governing federal court jurisdiction generally, it is narrowly drawn and only issuance of divorce, alimony and child custody decrees remain outside federal court jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. at 704; *cf. Marshall v. Marshall*, 547 U.S. 293, 305-06 (2006) (discussion of "domestic relations exception" to federal court jurisdiction in context of analysis of existence and applicability of analogous probate exception in the Anna Nicole Smith bankruptcy case). This adversary proceeding does not involve issuance of a divorce, alimony or child custody decree. Rather it is essentially a federal statutory tort action the parties to which happen to be spouses.

United States District Court for the Northern District of Ohio entered its order of reference to the bankruptcy courts in this district. "Core proceedings" is defined in § 157(b) to include "determinations as to the dischargeability of particular debts." 28 U.S.C. § 157(b)(2)(I). In addition, bankruptcy courts have exclusive jurisdiction to determine dischargeability of the debts described in § 523(a)(2) and (a)(4). *See* 11 U.S.C. § 523(c)(1); *Dollar Corp. v. Zebedee (In re Dollar Corp.)*, 25 F.3d 1320, 1325 (6th Cir.1994) ("Congress intended 'to take the determinations governed by 11 U.S.C. § 523(c) away from state courts and grant exclusive jurisdiction in the bankruptcy courts.'" (quoting *Spilman v. Harley*, 656 F.2d 224, 226 (6th Cir.1981)).

Defendant also argues that the court lacked jurisdiction to determine the dischargeability of any debt owed by her to Plaintiff because no debt had yet been liquidated by the state or other court before the bankruptcy case commenced. The court rejects this argument. The existence of a debt is a requisite element of any dischargeability claim. *See* 11 U.S.C. § 523(a). However, "debt" is defined under the Bankruptcy Code to mean "liability on a claim," 11 U.S.C. § 101(12), and "claim" is broadly defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured," 11 U.S.C. § 101(5)(A). And the Sixth Circuit has specifically found that in considering the dischargeability of a debt, bankruptcy courts have jurisdiction to determine the existence and validity of the debt as well as its dischargeability. *Longo v. McLaren (In re McLaren),* 3 F.3d 958, 965-66 (6th Cir.1993).

The court also rejects Defendant's argument that the court lacked jurisdiction to enter a monetary judgment. In *McLaren*, the court explained that "[b]ecause a party properly before a court of equity subjects himself to all the consequences that attach to an appearance, the amount of [the debtor's] liability was properly determined by the Bankruptcy Court." *Id.* at 966. The court, therefore, concludes that it properly exercised jurisdiction to enter judgment on Plaintiff's dischargeability claims.

## II. Due Process

Under Federal Rule of Civil Procedure 54(c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7054, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Although couched in jurisdictional terms, Defendant argues that the court improperly entered a monetary judgment since the prayer for relief in Plaintiff's complaint did not demand such relief. The court agrees that while Plaintiff's complaint set forth the amount of the debt owed by Defendant, the prayer for relief did not include a demand for a monetary judgment. This argument

5

implicates neither the court's jurisdiction over the subject matter of the complaint nor its jurisdiction over the parties. It does, however, raise due process concerns. *See* 10 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2663 (3d ed. 1998) ("It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should defendant attempt to limit the scope and size of the potential judgment by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award."); *L.J. Stafford*, 338 F. Supp. 2d at 1228. A judgment entered in a manner inconsistent with due process of law may properly be the basis of a Rule 60(b)(4) motion. The Sixth Circuit explained, however, that a judgment entered pursuant to procedural irregularities constituting a non-jurisdictional due process violation is not void ab initio but is only "voidable." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906-07 (6th Cir. 2006).

Nevertheless, a motion under Rule 60(b)(4) "must be made within a reasonable time."[2] Fed. R. Civ. P. 60(c). What constitutes a reasonable time "ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*. 910 F.2d 357, 365 (6th Cir. 1990).

In this case, an appearance was made on behalf of Defendant, and Defendant was served not only with the motion for default judgment and notice of the hearing on the motion but also with the default judgment itself after its entry. She had the opportunity then to move under Rule 59(e) to alter or amend the judgment or to appeal the judgment. She did neither. Rather, she waited seven months before taking any action. She filed the motion just two months before a final hearing scheduled in the parties' divorce proceeding, a proceeding that had been pending for approximately two years and that had not been disclosed in her bankruptcy case filings. Defendant offered no justification or excuse for her delay. And to the extent that Defendant's motion may be the basis for any delay in the divorce proceeding, the court finds that Plaintiff will be prejudiced, especially given the fact that he is working out of the country at this time. The court concludes that the circumstances of this case do not compel equitable relief and that Defendant's motion is untimely. *See Days Inns Worldwide, Inc.*, 445 F.3d at 907-08 (finding that a judgment debtor

---

[2] Courts have concluded, however, that a Rule 60(b)(4) motion to vacate a judgment for lack of subject matter jurisdiction is not subject to the reasonable-time requirement in Rule 60 since subject matter jurisdiction can not be waived or forfeited. *See Days Inns Worldwide, Inc.*, 445 F.3d at 905, n.7; *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1130-31 (11th Cir. 1994) (citing cases).

6

waived a non-jurisdictional due process objection to a judgment where he waited for over eleven months before filing a motion to vacate without any justification or excuse for the delay); *Pitts v. Bd. of Educ.*, 869 F.2d 555, 557 (10th Cir.1989) (holding that due process rights may be waived by a knowing failure to assert them).

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion for Relief from Judgment [Doc. # 25] be, and hereby is, **DENIED.**